# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD L. BARTA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-1334-F |
| ) | |
| BRUCE HOWARD, Warden, ) | |
| Howard McLeod Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). United States District Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b). Based upon an initial review of this matter, the undersigned recommends that the action be **DISMISSED ON FILING.**

### I. BACKGROUND

On February 22, 2006, Petitioner pled guilty to two felony charges pending against him in the District Court of Beckham County, Oklahoma, No. CF-2005-148: second-degree rape (count 1) and assault and battery with a dangerous weapon (count 5), and the remaining charges (counts 2, 3, 4) were dismissed. (ECF No. 1:2; ECF No. 1-5:6-7). *See also State v. Barta*, Beckham County District Court, Case No. CF-2005-

148.[1]  On that same day, Petitioner was sentenced on each count to imprisonment for forty years with all but the first 20 years suspended. (ECF No. 1:2; ECF No. 1-5:6).  The sentences were ordered to run concurrently with each other and concurrently with a Nebraska sentence that Petitioner was already serving at that time.  (ECF No. 1:2; ECF No. 1-5:6).

On September 11, 2013, Petitioner filed an application for post-conviction relief in Beckham County District Court, which was denied on March 31, 2014.  (ECF No. 1-5:20-30, 64-65). The Oklahoma Court of Criminal Appeals affirmed the denial of Petitioner's post-conviction application on June 20, 2014. (ECF No. 1-5:92-94). On July 9, 2014, Petitioner filed a motion to withdraw his guilty plea in Beckham County District Court, which was denied as untimely on July 18, 2014. (ECF No. 1-6:32-42, 43). State court records reflect that Petitioner did not appeal that decision. *See State v. Barta*, No. CF-2005-148.[2]

Petitioner states that he "currently has a [Petition for] a Writ of Habeas Corpus pending in the Atoka County District Court" in Atoka, Oklahoma.  (ECF No. 1:2; ECF No.

---

[1] An electronic version of the docket sheet for the state court criminal case is available on the Oklahoma State Supreme Courts Network: http://www1.odcr.com/detail?court=005-&casekey=005-CF++0500148 (accessed June 5, 2015).

[2] *See, supra,* Oklahoma Supreme Courts Network: http://www1.odcr.com/detail?court=005-&casekey=005-CF++0500148 (accessed June 5, 2015).

1-1; ECF No. 1-2; ECF No. 1-3).[3] Publicly available state court records reflect that Petitioner filed such a petition in Atoka County District Court on September 12, 2014, and, to date, that petition is still pending. *See Barta v. Howard*, Atoka County District Court, Case No. CV-2014-0035.[4]

Petitioner filed the Petition that is now before the Court on December 3, 2014. The Petition was not presented on the Court's standardized form for petitions under 28 U.S.C. § 2254, and Petitioner does not clearly delineate his ground(s) for federal habeas relief. (ECF No. 1:2, 4-13; *see also* LCvR9.2(a)). In general, Petitioner discusses alleged procedural irregularities that occurred in connection with his July 30, 2005 interstate transfer from the Tecumseh State Correctional Institution in Nebraska to the Beckham County Jail in Oklahoma to answer the charges filed against him in Beckham County District Court, Case No. CF-2005-148. (ECF No. 1:5-8).

Petitioner states that before he was transported to Oklahoma, he signed the "proper forms" to request a final disposition of the Beckham County charges and to waive extradition. (ECF No. 1:5, 12). Petitioner alleges, however, that these forms and other "proper papers" were not filed with the Beckham County District Court or with a

---

[3] With his Petition for Writ of Habeas Corpus, Petitioner filed a copy of a petition for writ of habeas corpus, a brief in support of such a petition, and an amendment/supplement to the petition. (ECF No. 1-1; ECF No. 1-2; ECF No. 1-3). Each document is styled as though presented for filing in Atoka County District Court. *Id.* However, the documents are not file-stamped and reflect no indication that they are copies of documents actually filed in that court, and none of the documents are signed. *Id.*

[4] An electronic version of the docket sheet for the state habeas corpus case is available on the Oklahoma State Supreme Courts Network: http://www1.odcr.com/detail?court=003-&casekey=003-CV++1400035 (accessed June 5, 2015).

Nebraska court, thereby invalidating the authority of Oklahoma officials to transport and to detain Petitioner. (ECF No. 1:8-12). Petitioner contends that these alleged circumstances violated the Interstate Agreement on Detainers Act, among other state and federal laws, and that, therefore, the charges against him in Case No. CF-2005-148 should have been dismissed before he pled guilty. (ECF No. 1:6, 8-12). *See generally* Interstate Agreement on Detainers Act, Pub. L. No. 91-538, 84 Stat. 1397 (1970), *amended by* Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7059, 102 Stat. 4181, 4403 (codified as amended at 18 U.S.C. app.).

Petitioner indicates that he discovered in April 2013 that the 2005 paperwork had not been filed. (ECF No. 1:7). Specifically, Petitioner states that he had requested documents from the Beckham County District Court related to his transfer from Nebraska, and Petitioner received a letter in response stating that such documents were "not part of the record." (ECF No. 1:7; ECF No. 1-4:3-5, 6, 8-9).[5]

Petitioner seeks "a Writ of Habeas Corpus Freeing the Petitioner from his unconstitutional and criminal confinement." (ECF No. 1:13). Petitioner also requests that this Court "[a]ssume jurisdiction" over Petitioner's petition for a writ of habeas corpus that is pending in Atoka County District Court. (ECF No. 1:13). Petitioner further requests "[t]hat the Federal Attorney General investigate[] this matter and [c]harge those that have violated the law with criminal charges." (ECF No. 1:13).

---

[5] Two letters sent to Petitioner in 2013 by Nebraska officials reflect that Petitioner's records with the Nebraska Department of Correctional Services were destroyed around late 2011 in accordance with a record retention policy. (ECF No. 1-4: 8, 9).

4

On February 2, 2015, and again on April 30, 2015, Petitioner filed a notice of change of address with the Court. (ECF No. 5; ECF No. 6). The addresses provided by Petitioner appear to be addresses for private residences, indicating that Petitioner is no longer incarcerated. (ECF No. 5; ECF No. 6).

## II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing § 2254 Cases. Otherwise, the Court will order Respondent to respond to the petition. Rule 5, Rules Governing § 2254 Cases.

## III. ANALYSIS

### A. Whether the Petition Is Moot

Depending on the circumstances of Petitioner's February 2015 release from the Oklahoma Department of Corrections' custody, the Court may no longer be presented with a live case or controversy, thus rendering the Petition moot and depriving the Court of subject-matter jurisdiction. "When a prisoner has been released from custody while his or her habeas petition is pending, the court's jurisdiction depends upon the existence of 'collateral consequence[s] of the conviction,'" and, thus, "the petitioner must demonstrate 'some concrete and continuing injury.'" *Lucero v. McKune*, 340 F. App'x 442, 443-44 (10th Cir. 2009) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 14 (1998)). Because Petitioner has received the relief requested—*i.e.,* his release from

custody—there may be nothing for the court to remedy, thereby rendering the Petition moot. *Id.* (citing *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002)). Nevertheless, when a petitioner is challenging the underlying conviction, as opposed to the sentence imposed, collateral consequences of the conviction generally may be presumed. *See Spencer*, 523 U.S. at 8-12; *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). Here, because Petitioner is challenging his underlying conviction, the undersigned presumes that collateral consequences exist and thus finds that the Court continues to have jurisdiction over this matter.[6] *See Spencer*, 523 U.S. at 8-12.

### B. Timeliness of the Petition

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). As detailed below, it

---

[6] The undersigned cannot definitively assess whether any collateral consequences exist because Petitioner has not kept the Court apprised as to his circumstances. Petitioner did not directly inform the Court of his release from incarceration or that any release had been anticipated. Although Petitioner was sentenced in 2006 to forty years in prison (with all but the first twenty years suspended), he was released after serving less than ten years, for reasons that are unknown. Petitioner has not otherwise addressed the existence of any collateral consequences of his 2006 conviction in any filing in this matter to date. *But see Barta v. Oklahoma*, No. CIV-15-453-F (W.D. Okla. filed Apr. 30, 2015) (challenging post-incarceration restrictions imposed in *State v. Barta*, No. CF-05-148). If the undersigned's recommendation that the Petition be dismissed as untimely is not accepted, further inquiry into the existence of collateral consequences may be warranted.

6

plainly appears from the Petition and attached exhibits that the Petition was untimely filed. Thus, Petitioner is not entitled to relief in this Court, and the undersigned recommends that the Petition be dismissed accordingly. *See Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (permitting *sua sponte* dismissal of petition when untimeliness is "clear from the face of the petition itself").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has presented no express grounds for why the Petition should be accepted as timely. Petitioner is given notice by this Report and Recommendation of his opportunity to present his position by filing an objection to the Report and Recommendation.[7]

### 1. Limitation Period Under 28 U.S.C. § 2244(d)(1)

A one-year period of limitation applies to any "application for a writ of habeas corpus [filed] by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest among four possible dates. *See id.* In the present case, the one-year limitation period must be calculated from "the date on which the judgment became final by the conclusion of direct review

---

[7] Further, when sua sponte addressing the timeliness of a § 2254 petition, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by [instead] addressing the merits" of the petition. *Day*, 547 U.S. at 210 (internal quotations omitted); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). Here, the undersigned finds that these considerations do not counsel against the Court primarily considering whether the petition is time-barred and dismissing it on that basis.

7

or the expiration of the time for seeking [direct] review."[8] *See id.* § 2244(d)(1)(A); *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

Under Oklahoma law, a criminal defendant's right to appeal a judgment after a guilty plea is limited. *See* Okla. Stat. tit. 22, § 1051(a); *Burnham v. State*, 43 P.3d 387, 389 (Okla. Crim. App. 2002). "First, . . . the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A) (requiring that application "to withdraw the plea [be filed] within ten (10) days from the date of the pronouncement of the Judgment and Sentence")). "If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari" to the Oklahoma Court of Criminal Appeals. *Id.* (citing Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(D)). If, however, the criminal defendant fails to file a motion to withdraw his guilty plea within the 10-day period, the defendant's conviction is considered final upon the conclusion of that period. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

---

[8] The factual predicate for any claim or claims presented that relate to procedural deficiencies in Petitioner's initial transfer to Oklahoma in July 2005 could have been discovered through the exercise of due diligence around that time—before Petitioner's conviction became final in March 2006, discussed below. Thus, § 2244(d)(1)(a) provides the applicable calculus for the limitation period. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment and sentence were pronounced on February 22, 2006. Petitioner did not apply to withdraw his guilty plea within the requisite period. *See State v. Barta*, No. CF-2005-148.[9] Thus, Petitioner's conviction became final ten days later in March 2006. Absent any tolling, discussed below, Petitioner's limitation period to file a federal habeas petition expired in March 2007, one year after his conviction became final. The Petition was not filed until December 2014—over seven years after the limitation period expired, making it untimely under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A); *Clark*, 468 F.3d at 713.

### 2. Tolling of the Limitation Period

#### a. Statutory Tolling

The federal habeas limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations." *Clark*, 468 F.3d at 714. Petitioner did not seek post-conviction relief in state court until September 2013—well after expiration of his habeas deadline under § 2244(d)(1)(A) in March 2007. (ECF No.

---

[9] As noted, Petitioner did not apply to withdraw his guilty plea until July 2014, and the Beckham County District Court denied his request as untimely. (ECF No. 1-6:32-43). *See, supra,* Oklahoma Supreme Courts Network: http://www1.odcr.com/detail?court=005-&casekey=005-CF++0500148 (accessed June 5, 2015).

1-5:20-30). Thus, Petitioner is not entitled to statutory tolling. *See Clark*, 468 F.3d at 714.

### b. Equitable Tolling

Equitable tolling of the statutory deadline applies "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotations omitted); *see also Holland v. Florida*, 560 U.S. 631, 634, 645 (2010) (recognizing applicability of equitable tolling to 28 U.S.C. § 2244(d) "in appropriate cases"). A petitioner generally bears the burden of establishing the applicability of equitable tolling by establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[10] *Gibson*, 232 F.3d at 808.

---

[10] Egregious misconduct by a petitioner's attorney, such as through affirmative misrepresentations about the attorney's actions taken on the petitioner's behalf, *vis-à-vis* the process of pursuing certain types of relief after conviction, may also be sufficient to warrant equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). However, neither a prisoner's ignorance of the law nor his attorney's negligence or mistake in pursuing such relief is sufficient to establish the requisite extraordinary circumstances for equitable tolling of the limitation period. *See id.* at 1255-56; *Marsh*, 223 F.3d at 1220.

Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. Petitioner belatedly discovered alleged procedural deficiencies associated with his 2005 transfer from Nebraska to Oklahoma. To the extent that such deficiencies provide the basis for a federal habeas claim, Petitioner presents no argument that he diligently pursued his federal rights and that an uncontrollable circumstance prevented his timely pursuit of such claims before the federal limitation period expired in March 2007. Petitioner's 2013 discovery of information that was discoverable in 2005 is not an extraordinary circumstance beyond Petitioner's control that otherwise prevented him from timely filing his Petition. *See Marsh*, 223 F.3d at 1220-21. Thus, equitable tolling is inapplicable.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for Writ of Habeas Corpus be **DISMISSED** as untimely.[11]

## NOTICE OF RIGHT TO OBJECT

Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 29, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to

---

[11] In dismissing the Petition, Petitioner's request for this Court to "[a]ssume jurisdiction" over Petitioner's petition for a writ of habeas corpus in Atoka County District Court, *see* ECF No. 1:13, should also be denied. Among other reasons, including a lack of legal authority to take such action, Petitioner presents no argument that the claims presented in the Atoka County petition, which appear to extend well beyond any claims raised in Petitioner's federal habeas Petition, would be timely and otherwise properly submitted for federal review.

this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation does dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on June 11, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE